IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| ABILENE HOLDING LLC DBA CLARION POINTE DBA ROADWAY INN, | § § § § | |
| Plaintiffs, | § § | |
| v. | § | Civil Action No. 1:24-CV-00190-H-BU |
| KINSALE INSURANCE COMPANY, Defendant. | § § § § § § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Kinsale Insurance Company's Rule 12(b)(5) Motion to Dismiss Plaintiff's Claims for improper service of process. Dkt. No. 10. For the following reasons, the undersigned RECOMMENDS the Court GRANT the Motion.

### I. JURISDICTION

The Court has subject-matter jurisdiction under 28 U.S.C. §1332(a)(1) because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. *See* Dkt. No. 6. Venue is proper in the Northern District of Texas, Abilene Division, because it involves property within this District and Division. *Id.* The undersigned has the authority to enter these Findings, Conclusions, and Recommendations after United States District Court Judge James Wesley Hendrix referred the case to the undersigned for pretrial management. Dkt. No. 7; 28 U.S.C. § 636(b)(1)(A).

### II. BACKGROUND

This dispute over an insurance claim was originally filed in this Court on November

1

14, 2024. Dkt. No. 1. The Original Complaint alleges that Kinsale, as an excess and surplus lines insurer, may be served by serving the Texas Department of Insurance Commissioner (TDIC) at 1601 Congress Avenue, Austin, Texas 78701 with further processing to Kinsale at 2035 Maywill Street, Suite 100, Richmond, Virginia 23230. *Id*. at 1. Abilene Holding had until February 12, 2025, to properly serve Kinsale. Dkt. No. 11 at 1; Fed. R. Civ. P. 4(m).

On April 1, 2025, Kinsale had yet to file an answer or other response, and the Court ordered Abilene Holding to file by April 14 either proof of service, waiver of service, or a notice showing good cause for why service had not been made. Dkt. No. 8. On April 15, 2025, Abilene Holding responded to the April 1 Order by filing a Notice stating that "[s]ervice was initially effectuated on the Texas Department of Insurance following the Court issuing summons on November 15, 2024." Dkt. No. 9.[1] The Notice also stated that after Abilene Holding was "advised that Kinsale had never received service[,]" "service was effectuated on Kinsale Insurance Company via United States Postal Service Certified Mail No. 9589 0210 5270 2522 5204 14." *Id*. The Notice is signed by Nohayia Javed, counsel for Abilene Holding. *Id*. The Notice does not include any other relevant information or proofs.

Kinsale has now filed the instant Motion claiming insufficient service of process. Dkt. No. 10. Kinsale argues that the only Complaint it received was the Amended

---

[1] In its discretion, the Court will excuse the untimeliness of Abilene Holding's response, which was due April 14 but filed on April 15. However, the Parties are instructed to file any untimely documents attached to a motion for leave to file that explains why it is untimely.

Complaint on April 8, 2025. Dkt. No. 16 at 2. Kinsale argues that the Amended Complaint was improperly served, and that even if it was properly served, it was served well after Rule 4(m)'s ninety-day deadline of February 12, 2025, and without good cause. Dkt. Nos. 10; 11 at 3 fn 1; 16 at 2–4; Fed. R. Civ. P. 4(m).

In response to the Motion, Abilene Holding's counsel provides slightly more information regarding the failed November 2024 service of process through TDI:

> On November 15, 2024, summons was issued for Kinsale Insurance Company [Dkt. No. 3]. As Kinsale does not maintain a registered agent in the State of Texas for service of process, the summons and a copy of the complaint was served on the Texas Department of Insurance with instructions for further processing to Kinsale Insurance Company at 2035 Maywill Street, Suite 100 in Richmond, Virginia 23230. Counsel for Plaintiff mailed the summons and a copy of the complaint with a $50.00 processing fee to the Texas Department of Insurance on November 15, 2024.

Dkt. No. 13 at 1–2; *see also* Dkt. No. 13-1.[2] (Abilene Holding's Response also provides slightly more information regarding the alleged April 2025 service of process directly to Kinsale's headquarters:

> On April 1, 2025, counsel for Plaintiff was made aware from the Court as well as opposing counsel that Kinsale had in fact never received service from the Texas Department of Insurance . . . Plaintiff promptly re-served its First Amended Complaint and Summons, but this time directly upon Kinsale Insurance Company at 2035 Maywill Street, Suite 100 in Richmond, Virginia 23230. Service was confirmed on April 8, 2025 [See Doc. 9].

Dkt. No. 13 at 2. Doc. 9 refers to Abilene Holding's Notice explained above. Elsewhere in its Response, Abilene Holding states simply, again in conclusory fashion, that it

---

[2] Nohayia Javed, counsel for Plaintiff, signed an unsworn declaration under penalty of perjury declaring that all factual representations in the response are correct.

"successfully re-attempted and effectuated service on Kinsale on April 8, 2025." *Id.* at 4.

### III. LEGAL STANDARDS

#### A. Rule 12(b)(5) Motion

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure." *Neely v. Khurana*, No. 3:07-CV-1344-D, 2008 WL 938904, at *2 (N.D. Tex. Mar. 12, 2008), adopted by 2008 WL 938904, at *1 (N.D. Tex. Apr. 7, 2008). Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff." *Id.* When such a motion is filed, "[t]he serving party bears the burden of proving the validity of service or good cause for failure to timely serve." *Lisson v. ING GROEP N.V.*, 262 Fed. Appx. 567, 569 (5th Cir. 2007) (per curiam).

#### B. Service Requirements Under Federal Rules of Civil Procedure 4(m)

Rule 4 authorizes several methods for serving a summons. Regarding the time limit for service, Rule 4(m) provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In this circuit, under Rule 4(m), if the plaintiff shows good cause for the failure to timely serve the defendant, the court must extend the time for service. *See Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (explaining that second sentence of Rule 4(m) "qualifies the district court's choices, making an extension of time mandatory when the plaintiff shows good cause"). But if the plaintiff does not show good cause, then the court has two choices:

it may dismiss the action without prejudice, or direct that service be effected within a specified time. *Id.*

To establish good cause, a plaintiff has the burden of demonstrating at least as much as would be required to show excusable neglect. *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. *Id*. In addition to good cause, some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required. *Id*.

## IV. ANALYSIS

### A. Failed Attempted Service in November 2024 on the Texas Department of Insurance.

Whenever service is made on an insurance company by mailing the summons and complaint to the TDIC, the documents *must* be mailed by certified or registered mail. It does not appear that happened here.

Neither party has disputed that TDIC is the proper agent for service here. *See* Tex. Ins. Code Ann. § 804.103 (explaining that when an insurance company fails to appoint or maintain an agent in the state of Texas, that the TDIC becomes the agent on whom process may be served). Process may be served on the TDIC by either: (1) a disinterested adult leaving process at the TDI office during business hours with the TDIC or a designated person for service, or (2) by "certified or registered mail." *Id*. at § 804.201(b). A $50 fee must accompany service on the TDIC. *Id*. at § 804.201(c).

This statutory means of service on Kinsale aligns with the TDI website's instructions

on "[h]ow to serve documents on an insurance company or other regulated entity through the Commissioner of Insurance."[3] The website explains that service through the TDIC must include: (1) two copies of the documents to be served, indicating on the documents that the Commissioner of Insurance is the agent for service; (2) the $50 fee; and (3) the name and address of the company or organization you want to have served. The website further explains to mail them *via certified or registered mail* to:

> Texas Department of Insurance
> Chief Clerk Office
> Mail code GC-CCO
> PO Box 12030
> Austin, Texas 78711-2030

The website also provides a second option, as allowed by the statute, to deliver the copies of the documents in person at 1601 Congress Avenue during one of TDI's service-of-process windows.

The Texas Insurance Code further provides that service on the TDIC as set forth in the statute "is service on the principal." Tex. Ins. Code Ann § 804.202. Upon proper service on the TDIC, the TDIC will serve the insurer "by registered or certified mail, return receipt requested[.]" *Id*. at § 804.203(a). Then, upon receiving the return receipt from the insurer, the TDIC "shall issue a certificate showing the service and proof of delivery by a return receipt to the plaintiff and clerk of the court or agency where the proceeding is pending." *Id*. at § 804.203(c). The TDIC must also "provide on request the certificate" showing service on the principal. *Id*. at § 804.203(d). Service on an insurer through the TDIC as

---

[3] https://www.tdi.texas.gov/consumer/attyforservice.html.

6

outlined above is authorized by Federal Rules of Civil Procedure 4(h)(1)(B) and 4(e)(2)(C).

Abilene Holding claims to have mailed the summons and a copy of the complaint to TDI on November 15, 2024. Dkt. Nos. 9 at 1; 13 at 2. Specifically, "[s]ervice was initially effectuated on [TDI] following the court issuing summons on November 15, 2024." Dkt. No. 9 at 1. And, "[c]ounsel for Plaintiff mailed the summons and a copy of the complaint with a $50.00 processing fee to [TDI] on November 15, 2024." Dkt. No. 13 at 2.

However, Abilene Holding has not claimed—either through the service averments in its Complaint, through its April 15, 2025 Notice, or through its Response to Kinsale's Motion—that the November 15, 2024 mailing was *certified or registered*, as required by the Texas Insurance Code. *See* Tex. Ins. Code Ann. § 804.201(b)(2). Further, it seems Abilene Holding may have mailed the summons and complaint to the incorrect address; mailing it to 1601 Congress Avenue (Dkt. No. 1 at 1) rather than PO Box 12030 (TDI website).

If Abilene Holding had served Kinsale through the TDIC, then any proof of proper service via registered or certified mail to the TDIC would have been sufficient to prove service on Kinsale—regardless of whether Kinsale ultimately received the summons and complaint. This is because service on the TDIC "is service on the principal." Tex. Ins. Code Ann § 804.202. But Abilene Holding has not produced any evidence that they complied with the statutory requirements for service on the TDIC. They did not produce a proof of service, a certified mailing number, a registered mailing number, a return receipt, a copy of the envelope that was mailed, or a sworn statement of any conversations with anyone at TDI.

In fact, it seems undisputed that Abilene Holding did not follow up with TDI between November 15 and April 1 to confirm that service had been accomplished. Dkt. No. 13 at 2. And perhaps most telling, in the five months since the Court first ordered Abilene Holding to produce evidence of service, Abilene Holding has apparently never made a request to TDI for the certificate of service showing service—or even attempted service—on Kinsale, despite the statute providing the option for such confirmation. *See* Tex. Ins. Code Ann. § 804.203(d).

Abilene Holding does not appear to dispute—or offer evidence to rebut—that Kinsale was not served within 90 days of the complaint being filed, whether through proper service on the TDIC or otherwise. *See* Dkt. No. 13 at 2 ("counsel for Plaintiff was made aware from the Court as well as opposing counsel that Kinsale had in fact never received service from the [TDI].").

For these reasons, the Court then is compelled to conclude that whatever service Abilene Holding attempted on Kinsale through its November 15, 2024 mailing was not accomplished, nor did it otherwise constitute proper service on Kinsale. Having determined that Abilene Holding's service attempt on November 15 was not effective, the Court turns to the second attempt made by Abilene Holding in response to this Court's April 1 Order.

### B. Failed Attempted Service in April 2025 on Kinsale's Headquarters.

Like its November 15 attempt at service, Abilene Holding's April attempt missed the mark. Assuming the sworn factual statements of Abilene Holding's attorney concerning the second attempt at service on April 8 are accurate, then, for reasons unclear, Abilene Holding abandoned its previous attempt to properly serve Kinsale through the TDIC

because its April 8 mailing was addressed directly to Kinsale's corporate headquarters. But there is nothing to suggest, including in Abilene Holding's attorney's statement, that Abilene Holding addressed that mailing to the attention of the TDIC or any other "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[,]" as required by Rule 4(h).

Having abandoned the statutory method of serving an insurer, Abilene Holding's second attempt at service must pass muster then, if at all, through the use of an appropriate means of serving a foreign corporation other than through its registered or statutory agent. The remaining methods one can serve process on a foreign corporation are by:

> "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located [Texas] or where service is made [Virginia]." Fed. R. Civ. P. 4(h)(1)(A); 4(e)(1);

> or

> "[b]y delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(B).

> *i.    Texas law for serving a summons prohibits service made by an interested party.*

Texas law provides for service by registered or certified mail, with return receipt requested. *Compare Gilliam v. Cty. of Tarrant*, 94 Fed. Appx. 230, 230 (5th Cir. 2004) (per curiam) ("[T]he use of certified mail is not sufficient to constitute 'delivering' under Rule 4." (*citing Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))), with Tex. R. Civ. P.

106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."); *see also Cross v. Grand Prairie*, No. 3:96-CV-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998) ("Although Rule 4(e)(1) authorizes service pursuant to Texas law, absent prior authorization by the trial court, the only methods of service permitted in Texas are service in person or by registered mail." (citing Tex. R. Civ. P. 106(a))).

As to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut no person who is a party to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (*quoting* Tex. R. Civ. P. 103); *see also Lucky v. Haynes*, No. 3:12-CV-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail.").

When it comes to mailed service of process, the plaintiff or the plaintiff's attorney are prohibited (unless authorized by written order of the court) from mailing the summons and complaint because they are a party to or interested in the outcome of the suit. *Kobos v. BeyondTrust, Inc.*, No. 3:20-CV-3488-K, 2021 WL 5629147, at *3 (N.D. Tex. Nov. 30,

2021) (court vacated the clerk's entry of default judgment because plaintiff's attorney, an interested party, mailed the summons and complaint to defendant's registered agent in Texas by certified mail rather than using one of the Rule 103 authorized persons); *Savage v. Detroit Indep. Sch. Dist.*, No. 4:22-CV-00202, 2022 WL 16814962, at *3 (E.D. Tex. Nov. 8, 2022) ("Accordingly, Savage's attorney was not allowed to serve DISD by certified mail under Texas law, and Savage's attempted service was defective.").

Here, it appears that attempted process in April 2025 was served by a person interested in the outcome of the suit—Abilene Holding's attorney Nohayia Javed. The Notice in April states, "[o]n April 8, 2025, service was effectuated on Kinsale Insurance Company via United States Postal Service Certified Mail. . ." Dkt. No. 9 at 1. Abilene Holding's Response to Kinsale's Motion states, "Plaintiff promptly re-served its First Amended Complaint with Summons, but this time directly upon Kinsale. . ." Dkt. No. 13 at 2. There are no other indications as to who mailed the summons and complaint to Kinsale in April.

As best the Court can see, no one authorized under Rule 103 mailed the summons and complaint to Kinsale. Further, it appears that the "Plaintiff" or Abilene Holding's attorney Nohayia Javed, who wrote the Response and signed the attached declaration, mailed the summons and complaint to Kinsale. Just like in *Kobos*, this fact renders defective service of process directly to Kinsale in April 2025.

11

> ii. *Virginia law for serving a summons also prohibits service made by an interested party.*

Kinsale argues, and Abilene Holding does not dispute, that Virginia law similarly prohibits service by anyone who is "a party or otherwise interested in the subject matter of the controversy." Va. Code Ann. § 8.01-293(A)(2). Thus, it does not appear that Abilene Holding's attempted service in April 2025 comported with either Texas or Virginia law.

> iii. *The April 2025 attempt was not hand-delivered to Kinsale's headquarters or addressed to a specific officer, managing or general agent, or other authorized agent.*

Now that service under Rule 4(e)(1) was found defective, the Court turns to service under Rule 4(h)(1)(B). As stated above, proper service under Rule 4(h)(1)(B) can be achieved "[b]y delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1)(B).

There are several issues here. First, as explained in *Gilliam*, the use of certified mail is not sufficient to constitute "delivering" under Rule 4. 94 Fed. Appx. at 230. Rather the Rule contemplates delivery in person. The Rule only allows for mailed service of process when a statute requires mailed service of process to a statutorily authorized agent. As discussed above, Abilene Holding was statutorily authorized to mail service of process to the TDIC, or even the secretary of state, but instead chose to mail the service of process "directly to Kinsale" after the first failed attempt. *See* Tex. Ins. Code Ann. §§§§ 804.103(c), 804.201(a)(3), 804.201(b)(2), 804.106(b)(1); Dkt. No. 13 at 2. The mailed service directly

to Kinsale does not constitute "delivery" and therefore service was improper under Rule 4(h)(1)(B).

Additionally, delivery must be to "an officer, a managing or general agent, or any other agent authorized by appointment or by law." Fed. R. Civ. P. 4(h)(1)(B). Here again, Abilene Holding inexplicably fails to provide this Court with copies of the items it sent by certified mail, copies of the certified mail receipts, or any other documents or evidence from which the Court can conclude, or even reasonably infer, that the April 8 mailing was addressed to, and received by, an officer, managing or general agent, or any other person authorized to accept service for Kinsale. Here again, Abilene Holding's attorney's sworn statements are silent on this point.

Therefore, service was improper under both Rule 4(e)(1) and Rule 4(h)(1)(B). What Abilene Holding attempted in April 2025 was not an appropriate means of serving a foreign corporation. To this day, even after receiving this Court's Order Requiring Service and Kinsale's arguments in its Motion to Dismiss, Abilene Holding has failed to properly serve Kinsale.

### C. Abilene Holding has not met its burden of proving the validity of service or good cause for failure to timely serve.

Kinsale challenges Abilene Holding's method of service and timeliness of service. *Neely*, 2008 WL 938904, at *2. Abilene Holding now bears the burden of "proving the validity of service or good cause for failure to timely serve." *Lisson*, 262 Fed. Appx. at 569. They have done neither. Simple inadvertence, mistake of counsel, or ignorance of the rules usually does not suffice to prove good cause. *Winters*, 776 F.2d at 1306.

When the plaintiff does not show good cause, then the court has two options: (1) dismiss the action without prejudice; or (2) direct that service be effected within a specified time. *Thompson*, 91 F.3d at 21. This Court *sua sponte* ordered proof of valid service by April 14. Judging from Abilene Holding's April 8 re-attempt to serve Kinsale, Abilene Holding understood the April 1 Order to extend the Rule 4(m) ninety-day deadline until April 14. However, in response to the April 1 Order, Abilene Holding: (1) failed to properly serve Kinsale; (2) failed to file proof of service sufficient for the Court to even infer that the November 2024 attempt or the April 2025 attempt were proper; and (3) failed to show good cause for failing to timely serve Kinsale. The Court believes that Abilene Holding has had ample time and opportunity to properly serve Kinsale, and that further extensions would be inappropriate.

## V. CONCLUSION

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure." *Neely*, 2008 WL 938904, at *2. The undersigned RECOMMENDS that the Court GRANT Defendant Kinsale's Motion to Dismiss. Dkt. No. 10.

## VI. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which

the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    ORDERED this 22nd day of September 2025.

_____

JOHN R. PARKER  
UNITED STATES MAGISTRATE JUDGE